UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MATTHEW FRANKS,

        Plaintiff,                             Case No.  1:12-CV-166

v.                                               HON.  GORDON J. QUIST

UNUM LIFE INSURANCE
COMPANY, STATE FARM
MUTUAL AUTOMOBILE
INSURANCE COMPANY and
ELIZABETH ANN LENON.

        Defendants.
_____/

**OPINION GRANTING IN PART MOTION FOR REMAND**

Plaintiff, Matthew Franks, filed his complaint in this case on or about September 30, 2011, in the Ingham County Circuit Court against Defendants UNUM Life Insurance Company (UNUM), State Farm Mutual Automobile Insurance Company (State Farm), and Elizabeth Ann Lenon. Franks' complaint melded together claims arising out of two separate but tangentially-related events. First, Franks alleged that he is a participant under a group long term disability insurance policy governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, that Defendant UNUM issued to his former employer. (Compl. ¶¶ 5-6.) Franks alleged that he became entitled to partial disability monthly benefits on January 27, 2010, but UNUM improperly terminated those benefits on April 27, 2010. (*Id.* ¶¶ 8-9.) Franks alleged claims against UNUM for recovery of benefits and breach of fiduciary duty under §§ 502(a)(1)(B) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3) (Counts III and IV). Second, Franks alleged that he suffered injuries in an automobile accident that occurred on September 30,

2009, in which Defendant Lenon backed her vehicle into Franks' vehicle. (*Id.* ¶¶ 13-16.) Franks alleged a claim of negligence against Defendant Lenon and a claim of breach of contract against State Farm – his automobile insurer (Counts I and II). Finally, Franks alleged a claim for declaratory relief against all Defendants (Count V).

UNUM removed the case to this Court on February 24, 2012, alleging that the Court has federal question jurisdiction under 28 U.S.C. § 1331 based on Franks' ERISA claims against UNUM. In support of its notice of removal, UNUM attached emails from counsel for State Farm and Lenon indicating their consent to the removal.

Franks has moved to remand this case to state court. Essentially, Franks argues that all parties are subject to the jurisdiction of the Ingham County Circuit Court and that the Ingham County Circuit Court has jurisdiction over his ERISA denial of benefits claim. Franks further asserts that "[t]here are no federal questions involved in this matter." (Mot. for Remand ¶ 16.) Finally, Franks states that "Defendant UNUM failed to seek concurrence of the remaining Defendants before filing its motion for removal. This defect alone is sufficient for remand." (*Id.* ¶ 18.)

Initially, the Court notes that Franks failed to comply with Local Rule 7.1(d), which requires a moving party to ascertain whether the motion will be opposed and to state the efforts it has made to comply with such obligation. motion.[1] Generally, denial of a motion without prejudice is the

---

[1] Local Rule 7.1(d) provides:

<u>Attempt to obtain concurrence</u> - With respect to all motions, the moving party shall ascertain whether the motion will be opposed. In addition, in the case of all discovery motions, counsel or pro se parties involved in the discovery dispute shall confer in person or by telephone in a good-faith effort to resolve each specific discovery dispute. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by this rule.

W.D. Mich. LCivR 7.1(d).

normal remedy for lack of compliance with Local Rule 7.1(d). *See Paro v. Weber & Olcese, P.L.C.*, No. 1:10-cv-134, 2010 WL 3001336, at *1 (W.D. Mich. June 29, 2010). While the Court could deny the motion without prejudice based on this failure, it will instead address the motion on its merits.

First, as to subject matter jurisdiction, Franks is simply wrong that there are no federal questions at issue in this case. Franks alleges in his complaint that the UNUM plan is an ERISA welfare benefit plan and he alleges claims arising under ERISA, a federal law, for denial of benefits and breach of fiduciary duty. 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3). *See also Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546 (1987) (a case arises under federal law "when the plaintiff's well-pleaded complaint raises issues of federal law"). Second, the fact that state and federal courts have concurrent jurisdiction over claims to recover benefits under § 1132(a)(1)(B) does not preclude a defendant from removing the case to federal court on the basis of federal question jurisdiction. *LeTourneau v. Gen. Motors Corp.*, 24 F. App'x 332, 334-35 (6rth Cir. 2001). Finally, contrary to Plaintiff's assertion, UNUM did seek and obtain concurrence from all other Defendants before filing its notice of removal. (Notice of Removal Ex. 1.) Thus, Franks has shown no basis to remand his ERISA claims against UNUM.

The real issue presented by Franks' motion, although not expressly raised therein, is whether the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Franks' state-law claims against State Farm and Lenon. Notably, UNUM did not allege an independent basis for jurisdiction over those claims. A court may exercise supplemental jurisdiction over any state law claim that "form[s] part of the same case or controversy" as matters arising under original jurisdiction. 28 U.S.C. § 1367(c). "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195,

3

209 (6th Cir. 2004) (internal citations and quotation marks omitted). This requirement will be met when the state and federal claims arise out of the same contract, dispute, or transaction. *See Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 583 (6th Cir. 2011).

Based on the foregoing principles, the Court concludes that Franks' claim against Lenon for negligence and his claim against State Farm for breach of contract do not derive from the same common nucleus of operative fact as Franks' ERISA claims against UNUM. Franks' claims against UNUM arise out of UNUM's decision to discontinue paying Franks disability benefits under the ERISA welfare benefit plan at issue. As such, the Court, rather than a jury, must determine whether to uphold or reverse UNUM's decision by applying either a *de novo* or arbitrary and capricious standard of review and considering only the evidence in the administrative record. *See Daft v. Advest, Inc.*, 658 F.3d 583, 595 (6th Cir. 2011). Franks' negligence claim against Lenon arises solely out of the automobile injury and is completely unrelated to Franks' claim for disability benefits. Similarly, Franks' breach of contract claim against State Farm pertains to the automobile accident with Lenon; the issue of whether Franks suffered injuries for which he is entitled to benefits under his automobile insurance policy issued by State Farm has no bearing on whether Franks is disabled for purposes of UNUM's disability policy. *See Ruhnke v. Pipe Fitters' Welfare Fund, Local 597*, No. 05 C 1395, 2005 WL 1869740, at *9 (Aug. 4, 2005) (holding that the plaintiff's state-law malpractice and breach of fiduciary duty claims against an attorney who represented the plaintiff in a lawsuit arising out of an automobile accident did not arise from the same nucleus of operative fact as the plaintiff's claim for benefits under an ERISA plan for injuries arising out of the same accident, even though the malpractice claim arose from the attorney's alleged failure to consult the plaintiff before settling with the ERISA plan on its subrogation rights); *Berg v. BCS Fin. Corp.*, 372 F. Supp. 2d 1080, 1095 (N.D. Ill. 2005) (the court lacked supplemental jurisdiction over the

plaintiff's claim alleging breach of an employment contract against his former employer because the claim did not arise out of the same operative facts as his ERISA claim for benefits, which would be decided based solely upon the court's review of the administrative record).  The Court thus lacks jurisdiction over Franks' claims against Lenon and State Farm and will remand those claims to state court.

      An Order consistent with this Opinion will be entered.


Dated: May 3, 2012                                  /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                               UNITED STATES DISTRICT JUDGE